[L. A. No. 4962. Department One.—December 1, 1919.]

## ROBERT L. CULPEPPER, Appellant, v. JAMES M. OCHELTREE, Respondent.

[1] PUBLIC LANDS — SUCCESSFUL CONTEST OF HOMESTEAD ENTRY— PREFERENTIAL RIGHT OF ENTRY BY CONTESTANT—RUNNING OF TIME—NOTICE.—Under section 2 of the act of Congress of May 14, 1880, giving a person who has successfully contested and procured the cancellation of a homestead entry the preferred right to enter such lands within thirty days from the date of notice of such cancellation, the time within which such right may be exercised does not begin to run, where there is a suspension of such lands from entry, until the time of restoration, and the time of receiving notice of cancellation under such circumstances is immaterial.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry M. Willis and J. O. Phillips for Appellant.

Duke Stone for Respondent.

Leonard, Surr & Hellyer and Frank C. Prescott, *Amici Curiae.*

THE COURT.—The appeal herein was taken from a judgment of the superior court of Riverside County dismissing plaintiff's complaint after demurrer sustained and plaintiff refused to amend. This case was submitted on the briefs filed in *McLaren* v. *Fleischer, ante,* p. 607, [185 Pac. 967]. The only difference between the two cases is that the defendant herein received notice on January 13, 1909, that he had been successful in his contest and was awarded a preference right to enter the land within thirty days after it should be restored to entry. The defendant in *McLaren* v. *Fleischer* received a similar notice on February 11, 1909—the former notice coming within the time section 7 of the rules and regulations of the Land Department of June 6, 1905, were in force, and the latter after section 7 had been superseded by section 6 of the rules and regulations of January 19, 1909.

[1] In view of what we have said in *McLaren* v. *Fleischer,* this difference in the time of receipt of notice is immaterial, and, therefore, upon the authority of that case the demurrer herein is sustained.

Judgment affirmed.

Hearing in Bank denied.

All the Justices concurred.